FILED

JUN 20 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED FRED PITTMAN,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendant. | No. C 13-02095 EJD (PR)<br><br>ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK |

Plaintiff, a pretrial detainee, has filed a civil rights action under 42 U.S.C. § 1983, against the County of San Francisco, the San Francisco's Sheriff's Department and county officials for unconstitutional acts. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate written order.

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious,

Order of Service
G:\PRO-SE\EJD\CR.13\02095Pittman_svc.wpd

fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff claims that on or about November 28, 2010, he was arrested after being involved in a physical altercation with an off-duty member of the San Francisco County Police Department. The officer sustained injuries as a result. Plaintiff was arrested and placed in the San Francisco County Jail, while Defendant Sheriff Hennessey was in office. On November 30, 2010, between 3:30 a.m. and 5:00 a.m., six deputies entered Plaintiff's holding cell, including Defendants O'Conner and Lee. While Plaintiff was lying on the ground, Defendant O'Conner rolled him over onto his stomach and handcuffed Plaintiff with his hands behind his back, leaving the handcuffs unlocked. Once Plaintiff was on his feet, Defendant O'Conner began dragging him backwards, causing the handcuffs to tighten painfully. When Plaintiff yelled out in pain, Defendant O'Conner said, "Oh, so you like hitting police do you?" which Plaintiff understood as referring to his arrest the day before. Defendant O'Conner then pulled Plaintiff's wrists so hard that it caused his left wrist to break. Defendant Lee also pulled Plaintiff's "fifth finger" on his right hand, breaking it. Once they reached the elevator, the deputies threw Plaintiff into the elevator with such force that it caused his head to strike the interior, cutting his right ear so severely that is required surgery and injury to his right shoulder which continues to give Plaintiff extreme pain. (Docket No. 2 at 4-5.)

Plaintiff claims that as a result of the injuries he sustained, he suffered

permanent hearing loss to his right ear and permanent and disabling injury to his left wrist, fifth right hand finger, and right shoulder. Plaintiff claims that officers used excessive force in violation of the Fourth Amendment and Fourteenth Amendments. Plaintiff also claims that Defendant Hennessey is liable for his failure to supervise. Liberally construed, Plaintiff's claims are cognizable under § 1983. The Court will also exercise supplemental jurisdiction over Plaintiff's related state claims.

Plaintiff names the County of San Francisco and the San Francisco County Sheriff's Department as defendants. Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, see Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978);[1] however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, see Board of Cty. Comm'rs. of Bryan Cty. v. Brown, 520 U.S. 397, 403 (1997); Monell, 436 U.S. at 691; Fuller v. City of Oakland, 47 F.3d 1522, 1534 (9th Cir. 1995). To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. See Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997). Plaintiff makes no allegation that a policy was the driving force behind the alleged violations of his constitutional rights. Accordingly, the claims against these defendants are DISMISSED.

Plaintiff names as defendants "John and Jane Does 1 though 10" in his

---

[1] Local governing bodies therefore may be sued directly under § 1983 for monetary, declaratory or injunctive relief for the violation of federal rights. See Monell, 436 U.S. at 690. They are absolutely immune from liability for punitive damages under § 1983, however. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981).

complaint. Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, see Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wiltsie v. Cal. Dep't of Corrections, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. See Gillespie, 629 F.2d at 642; Velasquez v. Senko, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). Accordingly, Defendants John and Jane Does 1 through 10 are DISMISSED from this action. If through discovery Plaintiff is able to identify these unknown defendants, he may then motion the Court for leave to amend to name the intended defendants and to issue summons upon them. See Gillespie, 629 F.2d at 642; Barsten v. Dep't of the Interior, 896 F.2d 422, 423-24 (9th Cir. 1990).

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint, (Docket Nos. 1 & 2), all attachments thereto, and a copy of this order upon **Defendants Michael Hennessey, Deputy O'Conner, and Deputy Lee** at the **San Francisco County Sheriff's Department** (Sheriff's Department, City Hall, Room 456, 1 Dr. Carlton B. Goodlett Place, San Francisco, CA 94102). The Clerk shall also mail a copy of this Order to Plaintiff.

The Clerk shall terminate the County of San Francisco, the San Francisco County Sheriff's Department, and John and Jane Does 1 through 10 from this action.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the

summons and the second amended complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **fifty-six (56) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **fifty-six (56) days** from the date on which the request for waiver was sent or **twenty-one (21) days** from the date the waiver form is filed, whichever is later.

3. No later than **fifty-six (56) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the second amended complaint found to be cognizable above.

a. If Defendants elect to file a motion to dismiss on the grounds Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003). **The Ninth Circuit has held that Plaintiff must be provided with the appropriate warning and notice under Wyatt concurrently with Defendants' motion to dismiss. See Woods v. Carey, Nos. 09-15548 & 09-16113, slip op. 7871, 7874 (9th Cir. July 6, 2012).**

b. Any motion for summary judgment shall be supported by

adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    4.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

    a.    **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Woods, Nos. 09-15548 & 09-16113, slip op. at 7874.**

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

    5.    Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

    6.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    7.    All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a

true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

DATED: 6/20/13

EDWARD J. DAVILA
United States District Judge

Order of Service
G:\PRO-SE\EJD\CR.13\02095Pittman_svc.wpd

7

# UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

ALFRED FRED PITTMAN,

    Plaintiff,

v.

COUNTY OF SAN FRANCISCO, et al.,

    Defendants.

Case Number: CV13-02095 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _6/20/13_, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Alfred Fred Pittman AG-8115
California State Prison-Solano
2100 Peabody Road
P.O. Box 4000
Vacaville, CA 95696-4000

Dated: _6/20/13_

Richard W. Wieking, Clerk
By: Elizabeth Garcia, Deputy Clerk