IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED FRED PITTMAN, | No. C 13-02095 EJD (PR) |
| Plaintiff, | ORDER DIRECTING DEFENDANTS TO FILE MOTION FOR SUMMARY JUDGMENT OR NOTICE REGARDING SUCH MOTION |
| v. | |
| COUNTY OF SAN FRANCISCO, et al., | |
| Defendants. | |

Plaintiff, an California inmate, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983 against San Francisco County Sheriff officials for use of excessive force. (Docket Nos. 1 and 2.) Finding the complaint, when liberally construed, stated cognizable claims, the Court ordered service upon Defendants Former Sheriff Michael Hennessey, Deputy Lee and Deputy O'Conner. (Docket No. 8.) The Court granted Defendants' motion to dismiss the complaint as untimely with respect to Plaintiff's state claims, but denied without prejudice with respect to his federal claims. (Docket No. 30.) Plaintiff's supplemental pleading filed on March 28, 2014, (Docket No 35), was deemed timely filed.

On February 17, 2015, the Court denied Plaintiff's motion for partial summary judgment, and referred the matter the matter for mediation under the Pro Se Prisoner

Settlement Program.  (Docket No. 41.)  On December 22, 2015, Magistrate Judge Nandor J. Vadas reported that the parties were unable to reach an agreement.  (Docket No. 57.)  Defendants were advised that they may seek to file a motion for summary judgment before the district court.  (*Id.*)  Accordingly, the Court sets forth the briefing schedule below.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. No later than **fifty-six (56) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint.

   a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  **If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.**

2. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

   a. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  See Woods, Nos. 09-15548 & 09-16113, slip op. at 7874.**

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an

opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  See <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

      3.    Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

      4.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

      5.    All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

      6.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

      7.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

      8.    Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

DATED: 2/5/2016

EDWARD J. DAVILA
United States District Judge